IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHOMAS WINSTON,

    Plaintiff,

v.

BRIAN HELD, et al.

    Defendants.

ORDER

Case No. 20-cv-286-jdp

---

SHOMAS WINSTON,

    Plaintiff,

v.

DOCTOR FREDERICK W. KRON, et al.,

    Defendants.

ORDER

Case No. 20-cv-367-jdp

---

Plaintiff Shomas Winston, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted civil actions under 42 U.S.C. § 1983. Plaintiff has filed a certified copy of a trust fund account statement in support of the motion for leave to proceed without prepaying the fee. After considering the motion and supporting documentation, the court concludes that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). Using information for the relevant time period from plaintiff's trust fund account statement, I conclude plaintiff's initial partial filing fee to be $2.68 for each of the above cases. For these cases to proceed, plaintiff must submit this amount on or before May 15, 2020.

Plaintiff has submitted a letter (dkt. 3 in case 20-cv-286) in which it appears that he is asking for a court order to use his release account funds to pay the entire $350 filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), prison officials are required to use a prisoner's release account to satisfy an initial partial payment if no other funds are available. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). Therefore, if sufficient funds do not exist in plaintiff's regular account to pay the $2.68 initial partial payment for each case, plaintiff can use his release account to pay the initial partial payment balance.

However, with the exception of initial partial payments assessed to an inmate, this court does not have the authority to tell state officials whether, and to what extent, a prisoner should be able to withdraw money from a release account. Therefore, I will deny plaintiff's request to use his release account funds to pay the full $350.00 filing fee for each case.

ORDER

IT IS ORDERED that,

1. Plaintiff Shomas Winston is assessed $2.68 as initial partial payment of the $350.00 fee in each of the above cases. Plaintiff is to submit a check or money order made payable to the clerk of court in a total amount of $5.36 ($2.68 for each case) or advise the court in writing why plaintiff is not able to submit the assessed amount(s) on or before May 15, 2020.

2. Plaintiff's motion to use his release account funds to pay the $5.36 ($2.68 for each case) assessed as an initial partial payment is GRANTED. If plaintiff does not have enough money to make the initial partial payments from plaintiff's

regular account, plaintiff should arrange with authorities to pay the remainder from plaintiff's release account.

3. Plaintiff's motion to use his release account funds to pay the full $350.00 filing fee for each of the above cases is DENIED.

4. If, by May 15, 2020, plaintiff fails to make the initial partial payment or show cause for failure to do so, plaintiff will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff filing this case at a later date.

5. No further action will be taken in these cases until the clerk's office receives plaintiff's initial partial filing fees as directed above and the court has screened the complaints as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 23rd day of April, 2020.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge