IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHOMAS T. WINSTON,

                        Plaintiff,

    v.                                                    OPINION and ORDER

BRIAN HELD, JEREMY ROHDE,                                 20-cv-286-jdp
SEAN BADE, CHARLES CONGLETON,
and ANTHONY BOVEE,

                        Defendants.[1]

---

Pro se plaintiff and prisoner Shomas T. Winston is proceeding on claims that prison staff gave him a conduct report because of his race and retaliated against him for filing grievances. Three motions are before the court: (1) defendants' motion for partial summary judgment on the ground that Winston didn't exhaust his administrative remedies, Dkt. 26; (2) Winston's motion to compel discovery, Dkt. 40; and (3) Winston's motion for a "status update," Dkt. 51. For the reasons explained below, the first two motions will be granted in part and denied in part. The third motion is simply another request for some of the information discussed in Winston's motion to compel. Because I am ruling on the motion to compel, the motion for an update will be denied as moot.

---

[1] I have amended the caption to include the full name of each defendant, as identified in the acceptance of service form. *See* Dkt. 17.

ANALYSIS

**A.  Exhaustion**

Prisoners may not bring a lawsuit about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This means that a prisoner must follow all the prison's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If a prisoner fails to comply with § 1997e(a), the court must dismiss the unexhausted claim without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

Winston is proceeding on the following claims in this case:

> (1)  Defendants Sean Bade, Jeremy Rohde, and Brian Held gave Winston a conduct report because of his race.
>
> (2)  Rohde and Held gave Winston a false conduct report for "illegally washing" his clothes because of a grievance Winston filed about the previous discriminatory conduct report.
>
> (3)  Held conducted a search of Winston's cell and gave him a false conduct report for disobeying orders and disruptive conduct because of the grievance Winston filed about the previous false conduct report, and defendant Anthony Bovee approved the conduct report.
>
> (4)  Rohde confiscated Winston's headphones because of the grievances that Winston filed, in violation of the First Amendment.
>
> (5)  Defendant Charles Congleton placed Winston in segregation because of the grievances he filed, in violation of the First Amendment.

Defendants contend that Winston didn't exhaust claims (1), (4), and (5). As for claim (3), defendants say that Winston exhausted his claim against Held, but not Bovee. Defendants concede that Winston exhausted claim (2). *See* Dkt. 27, at 1–2 & n.1.

### 1. Discriminatory conduct report

Defendants acknowledge that Winston filed a grievance that encompasses claim (1) involving a discriminatory conduct report. Dkt. 28-2, at 1. But they say that Winston didn't file an appeal with the corrections complaint examiner as permitted by Wis. Admin. Code § DOC 310.12 after the warden dismissed the grievance. *See* Dkt. 28-1.

In response, Winston says in his declaration that he did file an appeal of the grievance by "handing it to prison officials inside a[n] envelope placed in a mailbox on the housing unit." Dkt. 37, ¶ 4. A prisoner's sworn statement is enough to create a genuine issue of material fact on the question whether the prisoner exhausted his administrative remedies. *Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014). So I will deny defendants' motion on this claim without prejudice and hold a hearing to assess the parties' credibility, in accordance with *Pavey v. Conley*, 544 F.3d 739, 741–42 (7th Cir. 2008).

### 2. Bovee's approval of Held's conduct report

Defendants acknowledge that Winston filed a grievance that Held conducted a search of Winston's cell and gave him a false conduct report for disobeying orders and disruptive conduct because of a grievance Winston filed. *See* Dkt. 28-3. But the grievance doesn't mention Bovee's approval of the grievance, so defendants say that Winston didn't exhaust his claim against Bovee.

But it is well established that a prisoner doesn't have to "name all the defendants" in his grievance unless prison rules require him to do so. *See Jones v. Bock*, 549 U.S. 199, 217–19 (2007). Defendants point to no such requirement in the Wisconsin Administrative Code or elsewhere. In the absence of more specific prison rules, the question is simply whether Winston

"alert[ed] the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646 (7th Cir. 2002).

Winston alleged in his grievance that the conduct report he received was retaliation for filing a previous grievance. Even if Winston didn't identify Bovee specifically, the grievance was enough to alert prison officials of the nature of the alleged wrong. So I will deny defendants' motion to dismiss this claim.

### 3. Confiscation of headphones

This is another claim that defendants say Winston grieved but didn't appeal. And again, Winston says in his declaration that he did appeal. *See* Dkt. 37, ¶ 10. So I will have to determine whether Winston exhausted this claim after holding a hearing.

### 4. Placement in segregation

Defendants say that they have no record of a grievance about Winston being placed in segregation in retaliation for filing another grievance. Dkt. 28, ¶ 9. Winston doesn't address this claim in his declaration, and he doesn't otherwise allege that he filed a grievance about this claim. So I will grant defendants' motion for summary judgment on this claim. And because this is the only claim against defendant Congleton, I will dismiss him from the case.

### 5. Conclusion

Winston's claims about the retaliatory conduct reports for "illegally washing" his clothes, disobeying orders, and disruptive conduct will proceed. I will dismiss Winston's claim about a retaliatory placement in segregation for his failure to exhaust his administrative remedies.

I will hold a hearing to determine whether Winston exhausted his available administrative remedies on the two remaining claims: (1) the discriminatory conduct report;

and (2) the confiscation of his headphones. Because of concerns related to the COVID-19 pandemic, the court isn't holding civil trials or in-person hearings in prisoner cases. So the hearing will be held via video conference. It is my understanding that the Wisconsin Department of Corrections can facilitate a video conference for prisoners using Zoom, but if that is incorrect, counsel for defendants should promptly notify the court. Otherwise, I will expect counsel to make arrangements for Winston's participation in the hearing once the parties receive instructions from the clerk's office. If the parties wish to rely on any additional exhibits that aren't already part of the record, they will have to submit those to the court by the deadline in the order below.

## B.  Discovery

Winston contends that defendants failed to adequately respond to his discovery requests for: (1) copies of all inmate complaints against defendants Held, Bade, Rohde, Bovee, and Congelton; (2) copies of conduct reports that Winston received while he was housed on Unit 10; (3) copies of conduct reports against Winston that were dropped or dismissed; (4) the names of all correctional officers who worked at Fox Lake Correctional Institution from January 2018 through December 2019. I will consider each in turn.

### 1.  Failure to confer

Defendants raise a general objection that Winston failed to confer with them before filing his motion, in violation of Federal Rule of Civil Procedure 37(a)(1). Winston's only excuse for violating the rule is that it would have been futile to confer. Dkt. 48, at 3. That's incorrect, as is shown by defendants' offers to provide additional documents in response to Winston's motion. Regardless, no party may disregard the federal rules because he believes they won't be helpful. Winston's motion is fully briefed, so I will consider his motion to avoid

further delay. But I will screen any future discovery motions that he files, and I will summarily deny any motion that doesn't comply with Rule 37(a)(1).

### 2. Inmate complaints

In his motion to compel, Winston narrows this request to copies of inmate complaints against Held, Bade, and Rohde. Dkt. 40, ¶ 22. The only reason he gives for wanting those complaints is that they may reveal evidence of race discrimination. But that issue will be relevant only if I determine after the hearing that Winston exhausted his administrative remedies on that claim. So I will deny this part of Winston's motion without prejudice and I will reconsider the issue after the hearing, if necessary.

### 3. Conduct reports from Unit 10

Winston believes that defendants failed to comply with this request because they didn't give him a copy of a conduct report he received from Bade that involved a false accusation of getting into a fight. He says the conduct report was later dismissed for lack of evidence, so he says it is proof of Bade's discriminatory intent. Defendants don't object to producing this document. Rather, they represent that any failure to produce it was an oversight, and they will provide Winston with a copy. Dkt. 42, at 6. But Winston says in his motion for a "status update" that he hasn't received the conduct report yet, Dkt. 51, so I will grant this part of Winston's motion.

### 4. Other dismissed conduct reports

Winston says that defendants didn't comply with this request because they didn't produce a dismissed conduct report from Rohde falsely accusing Winston of possessing drugs. Winston says that the report is relevant to showing Rohde's discriminatory and retaliatory intent. Defendants do not object to providing records related to that conduct report, if it exists,

but they say that they were unable to locate any responsive documents. They represent that they will conduct another search for the documents.

This issue may be moot, but even if it isn't, I'm not persuaded that the requested documents have any potential relevance to this case, at least not yet. Plaintiff says that he received the false conduct report before the events relevant to this case occurred. So that conduct report couldn't be evidence that Rohde retaliated against Winston for filing grievances many months later. Even I assume that the conduct report is relevant to the discrimination claim, I haven't yet determined whether Winston exhausted that claim. Before I consider whether defendants should be required to make greater efforts to locate more documents, it makes sense to decide first whether the claim will remain in the case. So I will deny this part of the motion without prejudice as well.

**5.  Names of correctional officers**

In his motion to compel, Winston narrows this request to the names of correctional officers who "occasionally worked" with defendants on Unit 10 between January 2018 and December 2019.  Dkt. 40, ¶ 17. Winston says that he wants to contact those officers because they may have witnessed some of the conduct that Winston alleges in this case. Defendants don't object to this narrower request, so I will grant this part of the motion.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 26, is GRANTED in part and DENIED in part. The motion is granted on plaintiff Shomas Winston's claim against defendant Charles Congleton and that claim is DISMISSED. The motion is denied without prejudice on Winston's claims that: (a) defendants Sean Bade, Jeremy Rohde, and Brian Held gave Winston a conduct report because of his race;

and (b) Rohde confiscated Winston's headphones because of the grievances that Winston filed, in violation of the First Amendment. The motion is denied with prejudice in all other respects.

2. The court will hold a video hearing on March 2, 2021, at 10:00 a.m. to determine whether Winston exhausted his administrative remedies for the two claims in dispute. If either side wishes to submit additional exhibits before the hearing, they must file them with the court no later than February 19, 2021.

3. Winston's motion to compel discovery, Dkt. 40, is GRANTED in part and DENIED in part. No later than February 15, 2021, defendants are directed to provide Winston with the following information and documents, if they haven't already done so: (a) a copy of the documents related to the conduct report Winston received from Bade for fighting; and (b) a list of officers who worked with defendants on Unit 10 between January 2018 and December 2019. The motion is denied without prejudice as to Winston's requests for: (a) copies of inmate complaints against Held, Bade, and Rohde; and (b) copies of documents related to the conduct report from Rohde accusing Winston of possessing drugs. I will reconsider those requests after the hearing.

4. Winston's motion for a "status update," Dkt. 51, is DENIED as moot.

Entered February 1, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

8